UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WAYNE D. CONTE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE HONORABLE JUDGE SANDRA POMERANZE, JESUSA E. CONTE, DOES 1-X, inclusive and ROE CORPORATIONS I-X,<br><br>　　　　　Defendants. | Case No. 2:16-cv-00009-APG-GWF<br><br>**ORDER DISMISSING CASE**<br><br>(ECF No. 11, 24) |

　　　　Plaintiff Wayne Conte was a party to a divorce proceeding in Nevada state court. Defendant Judge Sandra Pomeranze presided over that proceeding. She granted a decree of divorce and awarded Wayne's ex-wife (Jesusa Conte) a portion of plaintiff's military veteran's disability benefits as alimony. ECF No. 20 at 2, ¶ 7. Wayne contends that the divorce decree violates federal law by attempting to garnish his disability benefits. *Id.* He also contends that Jesusa misrepresented to the court facts about the marriage, that he was not lawfully married to Jesusa, and that Judge Pomeranze improperly allowed his counsel to withdraw two days before trial. *Id.* at 2-3. Finally, Wayne alleges that Judge Pomeranze violated his rights under the Americans with Disabilities Act ("ADA") because she did not accommodate his hearing disability.

　　　　I cannot review or overturn decisions by the state court. Thus, I dismiss Wayne's claims that the divorce decree improperly found his marriage to be legitimate and improperly garnished his military benefits. Moreover, because Judge Pomeranze is entitled to absolute judicial

immunity regarding the claims against her, I dismiss all claims, including the ADA claim, asserted against her.[1]

Judge Pomeranze determined the validity of the marriage and the parties' respective rights to Wayne's military benefits. Wayne now seeks to relitigate those issues through this lawsuit, although he couches his claims in terms violations of federal law. But I must give full faith and credit to Judge Pomeranze's decisions in the divorce proceedings. 28 U.S.C. § 1738 (state court "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken"). "It is well-established that a federal district court does not have authority to review the final determination of a state court." *Pilger v. Bank of Am., N.A.*, No. 2:13-CV-1233 JCM-NJK, 2013 WL 2211647, at *2 (D. Nev. May 17, 2013), aff'd (Dec. 18, 2013) (citations omitted). The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Wayne appealed Judge Pomeranze's decisions to the Supreme Court of Nevada, which was the proper course of action. ECF No. 22 at 2. Any further appeal must go to the Supreme Court of the United States, not to this court. 28 U.S.C. § 1257.[2]

---

[1] While Judge Pomeranze's motion to dismiss was pending, Wayne filed an amended complaint. ECF No. 20. The amended complaint does not materially change the analysis of the issues presented in the motion and this order. I have analyzed those issues in relation to the amended complaint.

[2] Wayne's claims in this suit are also barred by the doctrines of issue and claim preclusion. Judge Pomeranze considered and ruled upon the merits of Wayne's arguments about the validity of the underlying marriage and the division of his military benefits. The issues and claims were actually and necessarily litigated in the divorce case and the parties are the same. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (holding modified by *Weddell v. Sharp*, 350 P.3d 80 (2015)) (citations omitted). He is precluded from relitigating those issues and claims here.

Finally, I must dismiss Wayne's claims that Judge Pomeranze violated his rights under the ADA and that she improperly allowed his counsel to withdraw two weeks before trial. Judge Pomeranze is entitled to absolute judicial immunity for all acts she took that relate to the judicial process. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation and citation omitted).

The Ninth Circuit has identified the following factors as relevant to the determination of whether a particular act is judicial in nature:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999). Wayne's amended complaint nakedly alleges that Judge Pomeranze "violated the American[s] with Disabilities Act of 1990 by failing to allow [him] appropriate accommodations due to his hearing disability, which could have led to misunderstanding for the divorce action." ECF No. 20 at 3, ¶ 9. Judge Pomeranze is immune from claims about events that occurred in her courtroom. "[E]xercising control over the courtroom while court is in session" is a "normal judicial function." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). The other *Meek* factors are satisfied because the alleged violation occurred during the divorce case then pending before the judge, and the events arose while Judge Pomeranze was acting in her official capacity. *Meek*, 183 F.3d at 967. *Duvall* involved similar allegations of a lack of accommodations for a hearing-impaired litigant in a divorce case. 260 F.3d 1124. The Ninth Circuit there held that the presiding judge was acting in a judicial capacity, and thus entitled to immunity, when he refused a request for accommodations.

*Id.* at 1133. Similarly, Judge Pomeranze is immune from Wayne's claims in this case.[3]

Wayne asserts no claims against Jesusa, so there is no reason to keep this lawsuit open.

A second amendment of the complaint would be futile because Wayne cannot cure the defects in these claims. Thus, I dismiss the complaint with prejudice. Because I am dismissing this case, plaintiff's motion (ECF No. 24) for stay of the garnishment is denied as moot.

IT IS ORDERED that the defendant's motion to dismiss **(ECF No. 11) is GRANTED** and plaintiff's motion for stay of the garnishment **(ECF No. 24) is DENIED** as moot. This case is DISMISSED. The clerk of the court shall enter judgment accordingly and close the file.

DATED this 8th day of June, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[3] Judge Pomeranze's decision to allow Wayne's counsel to withdraw was clearly a judicial function taken in her official capacity, so she is immune from that claim as well.